# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10689
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 29, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ASHTON ADELE HUGHES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-418-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Ashton Adele Hughes appeals the district court's revocation of her supervised release, arguing that the evidence failed to establish that she violated the conditions of her supervised release by constructively possessing methamphetamine and heroin and by associating with a person convicted of a felony. A district court may revoke a term of supervised release upon a finding, by a preponderance of the evidence, that the defendant violated a condition of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release.  *See* 18 U.S.C. § 3583(e)(3); *United States v. Hinson*, 429 F.3d 114, 118-19 (5th Cir. 2005).  The district court's decision to revoke supervised release is reviewed for an abuse of discretion.  *United States v. Grandlund*, 71 F.3d 507, 509 (5th Cir. 1995), *opinion clarified*, 77 F.3d 811 (5th Cir. 1996).  When the sufficiency of the evidence is challenged on appeal, this court must "view the evidence and all reasonable inferences that may be drawn from the evidence in a light most favorable to the government." *United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994) (internal quotation marks and citation omitted).  The district court can "choose among reasonable constructions of the evidence," and the evidence is sufficient if a reasonable trier of fact could have reached the district court's conclusion.  *Id.* (internal quotation marks and citation omitted).

Viewing the evidence in the light most favorable to the Government, Hughes's assertion that there was insufficient evidence to revoke her supervised release is unavailing.  A reasonable trier of fact could determine that Hughes violated the conditions of her supervised release by possessing methamphetamine and heroin and by associating with a convicted felon while he was involved in known illegal activity.  *See Grandlund*, 71 F.3d at 509; *Alaniz-Alaniz*, 38 F.3d at 792.  Therefore, the district court's judgment is affirmed.

AFFIRMED.